## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JENNIFER A. DURAND, | : |
| | : |
| On behalf of herself and on | : |
| behalf of all others similarly situated, | : |
| | :    No.  07-CV- 130-S |
| Plaintiff, | : |
| | : |
| | : |
| v. | :    CLASS ACTION |
| | : |
| THE HANOVER INSURANCE GROUP, INC. | : |
| | : |
| THE ALLMERICA FINANCIAL CASH | : |
| BALANCE PENSION PLAN, | : |
| | : |
| Defendants. | : |

## CLASS ACTION COMPLAINT

Comes now Plaintiff, Jennifer A. Durand, by and through counsel, and for her

Complaint states as follows:

## NATURE OF THE ACTION

1.      This is a class action under the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## SUBJECT MATTER JURISDICTION

2.      This Court has subject matter jurisdiction over this action by virtue of 28

U.S.C.  § 1331 because this is a civil action arising under the laws of the United States.

Specifically, this action is brought under ERISA § 502(a), 29 U.S.C. § 1132(a).

## PERSONAL JURISDICTION

3.      This Court has personal jurisdiction over Defendants because they transact business in, and have significant contacts with, this District, and because ERISA provides for nationwide service of process.  *See* ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## VENUE

4.      Under ERISA § 502(e), 29 U.S.C. § 1132(e), an action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  Venue here is proper for both Defendants on three of the four bases provided by the statute.

5.      First, this is the District where the breach occurred because benefits due as a matter of law under the Plan were not paid to Plaintiff, a resident of this District, that should have been paid in this District.  Where a participant claims that a violation of ERISA resulted in a failure to pay a benefit due under an ERISA plan, the alleged breach is deemed, for purposes of venue under § 1132(e)(2), to have occurred in the place where the participant receives (or should have received) his or her benefits.  It was in this District that Plan benefits that should have been paid to Plaintiff were not paid because Defendants illegally calculated her benefit, as set forth below.  This District, where performance was due, is thus one place "where the breach took place."

6.      Second, the Plan and the Company "may be found" here because either or both Defendants transact business in, and have significant contacts with, this District and thus have continuous and systematic general business contacts with this District.

2

7.      Third, Defendants each "reside[]" here within the meaning of ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## THE PARTIES

8.      Plaintiff is a former employee of the Company or one or more of its affiliates or former affiliates who resides in Louisville, Kentucky.  Plaintiff participated in the Plan during her period of employment with the Company and remains a participant, as defined in ERISA § 3(7), 29 U.S.C. §1002(7), in the Plan because although she received benefits from the Plan, it owes her additional benefits that it has not yet paid her, as set forth herein.

9.      Defendant The Hanover Insurance Group, Inc. (NYSE: THG), formerly known as Allmerica Financial Corporation and referred to herein as "Allmerica" or the "Company," is the sponsor of the Plan, the Plan's administrator and a named fiduciary of the Plan, within the meaning of ERISA §§ 3(16)(A)-(B), 402(a), 29 U.S.C. §§ 1002(16)(A)-(B), 1102(a).  The Company is sued in all of these capacities.

10.      Defendant The Allmerica Financial Cash Balance Pension Plan is and was at all relevant times an "employee pension benefit plan," and more specifically a "defined benefit plan," within the meaning of ERISA §§ 3(2)(A) and 3(35), 29 U.S.C. §§ 1002(2)(A) and 1002(35).

## BACKGROUND

11.      Plaintiff was employed by the Company or one of its affiliates for approximately 7½  years, from October 17, 1995 until April 30, 2003.

12.     Throughout that time she accrued pension benefits under the Company's defined benefit pension plan known as the Allmerica Financial Cash Balance Pension Plan (the "Plan") in which a notional or "memorandum" account was established for her.

13.     Under the terms of the Plan, the amount in Plaintiff's notional account was adjusted each quarter by, *inter alia*, an investment credit calculated with reference to the return on one or more hypothetical 401(k)-style "investment" options.  These investment options were selected by participants from a menu of investment measures made available to them by the Plan's fiduciaries that permitted participants to be credited with equity-based returns on their memorandum account balances.

14.      Under the terms of the Plan, Plaintiff had the right to leave her account balance in the Plan even after terminating employment or retiring and to continue receiving investment credits calculated in the manner just described.  In technical terms, a participant's right to receive investment credits through normal retirement age was "frontloaded."  *See, e.g.,* Ex. 1 (attached hereto), IRS Notice 96-8, 1996-1 C.B. 359-61.

15.     After terminating employment, Plaintiff elected to receive her fully-vested Plan benefits in the form of a lump sum distribution.  She was 32 years old at the time.

16.     The Plan calculated and paid her a benefit in August 2003 which was forwarded to her at her home in Louisville in the form of a check in the amount of $17,038.18.

17.     However, in calculating the amount of Plaintiff's lump sum distribution, the Plan failed to calculate Plaintiff's accrued benefit by projecting the amount in her notional

account as of the date of distribution to her normal retirement age (age 65) at a rate that did not understate the value of the projected credits as required by ERISA.

18.     If the Plan had determined Plaintiff's accrued benefit by projecting the amount in her notional account as of the date of distribution to age 65 at a rate that did not understate the value of the projected investment credits, Plaintiff's benefit expressed as a lump sum would have exceeded the lump sum she received.

19.     By failing to properly compute the amount of her accrued benefit expressed as an annuity commencing at normal retirement age, the Plan failed to provide Plaintiff with a lump sum distribution in an amount equal to the present value of her accrued benefit.

20.     Plaintiff did not exhaust the administrative remedies provided under the terms of the Plan prior to initiating this lawsuit because her claims are based solely on discrete and non-fact-intensive statutory violations of ERISA.

21.     Furthermore, exhaustion would be futile in that the projection requirement described above has been the subject of numerous well-publicized court cases and agency rulings including a 2002 United States Department of Labor study which concluded that the Plan violated ERISA in the manner alleged herein.  Still, Defendants refused to bring the Plan into compliance with the law.

22.     Specifically, in a report entitled, *PWBA Needs To Improve Oversight of Cash Balance Plan Lump Sum Distributions,* Report No. 09-02-001-12-121, March 29, 2002, *see* Ex. 2, the Inspector General of the Department of Labor ("DOL IG") concluded that the Plan violates ERISA in the way it calculates lump sum distributions, explaining as follows:

> In another plan [subsequently identified as the Allmerica Plan], the sponsor allowed participants to select hypothetical investments and then set each

5

participant's interest credit rate at the rate of return of the hypothetical investments. The interest credit rate for the participants in our sample varied from 9.01 percent to 16.5 percent. This interest credit rate is not one of the "safe harbor" rates of [IRS] Notice 96-8 and, thus, would require a projection and discount to arrive at a present value of the accrued benefit. The plan would not be able to pay the cash balance account as the lump sum benefit. The plan administrator told us that the plan used the ERISA § 205 rate for projection purposes and this made the account balance the actuarial equivalent of the normal retirement benefit. However, Notice 96-8 specifically states this would violate ERISA.

Ex. 2, DOL IG Report at 12-13.[1]

23.    Defendants did not change their practices as a result of the DOL IG investigation:  they continued to violate the law and "short-change" participants, as one of the news articles reporting on the DOL IG's findings put it at the time.  *See* footnote one.  The futility of Plaintiff exhausting the Plan's internal claims process is thus clear.  Defendants have already determined that the Plan need not comply with the projection requirement described above.

## CLAIM FOR RELIEF

24.    Plaintiff repeats and re-alleges the allegations contained in all foregoing paragraphs herein.

25.    ERISA §§ 203(e)and 205(g), 29 U.S.C. §§ 1053(e) and 1055(g), and Internal Revenue Code § 417(e), as implemented by Treasury Regulation § 1.417(e)-l(d), requires any optional form of benefit paid from a defined benefit plan, including a lump sum distribution,

---

[1] The Plan's identity as one of the 13 plans the DOL IG found to have violated ERISA was disclosed by a member of Congress shortly after the DOL IG Report was issued, and was later confirmed by Allmerica itself.  *See, e.g.,* Ex. 3, "Penalties Sought in Pension Violations 13 Firms Underpaid Workers, Audit Finds," *Boston Globe,* May 21, 2002; Ex. 4, "First Allmerica Financial Accused of Short-Changing Employee Pension Plans," Bestwire Service, May 24, 2002 (quoting company spokesman).

to be no less than the present value of the participant's accrued benefit expressed as an

annuity commencing at normal retirement age (under the Plan, age 65).

26.     The Plan paid Plaintiff a lump sum benefit that was less than the present value

of her accrued benefit in violation of ERISA §§ 203(e) and 205(g), and IRC § 417(e), as

implemented by Treasury Regulation § 1.417(e)-l(d).

27.     The Plan's conduct as described above also resulted in an impermissible

forfeiture of  benefits prohibited by ERISA § 203(a) and Internal Revenue Code § 411(a), as

implemented by Treasury Regulation § 1.411(a)-4 and 4T, in that the Plan conditioned the

right to receive future investments credits on Plaintiff not taking a distribution prior to normal

retirement age.

28.     Pursuant to ERISA § 502(a), Plaintiff brings this action against the Plan and

the Company for all of the relief available thereunder.

## CLASS ACTION ALLEGATIONS

29.      Plaintiff brings suit on behalf of herself and on behalf of all other participants

and beneficiaries similarly situated under the provisions of Rule 23 of the Federal Rules of

Civil Procedure with respect to violations alleged herein.

30.     The proposed Class is defined as follows:

All persons who participated in the Allmerica Cash Balance Pension Plan who vested
or will vest in an accrued benefit under the Plan's cash balance formula between
January 1, 1995 and December 31, 2004; and the beneficiaries and estates of such
persons.

31.     The requirements for maintaining this action as a class action under Fed. R.

Civ. P. 23(a)(1) are satisfied in that there are too many Class members for joinder of all of

7

them to be practicable.  There are thousands of members of the proposed Class dispersed among many states.

32.     The claims of the Class members raise numerous common questions of fact and law, thereby satisfying the requirements of Fed. R. Civ. P. 23(a)(2).  All issues concerning liability are common to all Class members because such issues concern their entitlement to benefits calculated in a manner other than that calculated thus far and their entitlement to relief from harm caused by the violations of law, rather than any action taken by Plaintiffs or any Class member.  In addition, all issues concerning relief are also common to the Class.

33.     The computation of a participant's lump sum distribution and the amount of lump sum distributions is standardized in that the amount of the lump sum distribution for each member of the Class was calculated in the same manner as described above.  Thus, there exist common questions of fact as to each member of the Class.  Each Class member's rights will be determined by resort to the same Plan documents and the same provisions of ERISA.  Thus, there exist common questions of law as to each Class member, *i.e.,* whether the method of calculating of lump sum distributions violated the law.

34.     Plaintiff's claims are typical of the claims of Class members, and therefore satisfy the requirements of Fed. R. Civ. P. 23(a)(3).  She does not assert any claims relating to the Plan in addition to or different than those of the Class.  Plaintiff's claims are typical of the claims of the Class members in that her lump sum distribution was calculated in the same fashion as the rest of the Class, and her rights as well as those of the Class as a whole, are similarly provided for under the plan document and applicable provisions of ERISA.

8

35.     Plaintiff is an adequate representative of the proposed Class, and therefore satisfies the requirements of Fed. R. Civ. P. 23(a)(4).  Plaintiff's interests are identical to those of the proposed Class.  The Plan has no unique defenses against him that would interfere with their representation of the class.  Plaintiff has engaged counsel with extensive ERISA class action litigation experience and expertise.

36.     Additionally, all of the requirements of Fed. R. Civ. P. 23(b)(1) are satisfied in that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants and individual adjudications present a risk of adjudications which, as a practical matter, would be dispositive of the interests of other members who are not parties.

37.     All of the requirements of Fed. R. Civ. P. 23(b)(2) also are satisfied in that the Plan's actions affected all Class members in the same manner making appropriate final declaratory and injunctive relief with respect to the Class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and that the Court award the following relief:

A.     Certification of this action as a class action for all purposes of liability and relief and appointment of undersigned counsel as class counsel pursuant to Fed. R. Civ. P. 23.

B.     Judgment for Plaintiff and the Class against Defendants on all claims expressly asserted and/or within the ambit of this Complaint.

C.     An order awarding, declaring or otherwise providing Plaintiff and the Class all other such relief to which Plaintiff and the Class are or may be entitled whether or not

specified herein, including a permanent injunction preventing the Plan from calculating future lump sum distributions in violation of ERISA.

.       D.      An order enjoining the Plan Administrator from continuing to violate the law and/or the terms of the Plan in the manners alleged or referenced in this Complaint or hereafter proven.

.       E.      An order reforming the Plan and/or compelling the Company to reform the Plan and/or compelling Defendants to bring the terms and administration of the Plan into compliance with ERISA, in all cases effective as of the date the alleged violations first occurred.

        F.      Following entry of other predicate relief and/or reformation of the Plan that conforms its terms to the requirements of the law, a further order requiring Defendants to re-calculate the benefit amounts due under the terms of the Plan in accordance with the requirements of ERISA, and for the Plan to pay the difference, plus interest, to or on behalf of all Class members who received less in benefits or benefit accruals than the amount to which they are entitled and/or to pay benefits to which Class members are entitled in all applicable optional forms.

        G.      An order awarding pre- and post-judgment interest.

        H.      An order awarding attorney's fees on the basis of the common fund doctrine (and/or other applicable law, at Plaintiff's election), along with the reimbursement of the expenses incurred in connection with this action.

I.      An order awarding, declaring or otherwise providing Plaintiff all relief under

ERISA § 502(a), 29 U.S.C. § 1132(a), or any other applicable law, that Plaintiff may

subsequently specify and/or that the Court may deem appropriate.

Dated:  March 9, 2007                    Respectfully submitted,

                                         /s/ E. Douglas Richards
                                         E. Douglas Richards
                                         E. Douglas Richards, PSC
                                         619 Cooper Drive
                                         Lexington, KY 40502
                                         (859) 269-1974

                                         Andrew S. Hartley
                                         3423 Saybrook Road
                                         Lexington, KY 40503
                                         (859) 271-3731
                                         (Application for admission
                                         to this Court pending)

                                         Counsel for Plaintiff and the proposed Class