UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **JENNIFER A. DURAND,** ) | |
| ) | |
| On behalf of herself and on ) | |
| behalf of all others similarly situated, ) | |
| ) | Case No.  3:07-CV-130-S |
| **Plaintiff,** ) | |
| ) | **Class Action** |
| ) | |
| **v.** ) | |
| ) | |
| **THE HANOVER INSURANCE** ) | |
| **GROUP, INC.** ) | |
| ) | |
| **THE ALLMERICA FINANCIAL CASH** ) | |
| **BALANCE PENSION PLAN,** ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND TO STAY OCTOBER 30, 2009 DEADLINES
<u>PENDING A RULING ON THE MOTION TO COMPEL</u>**

No doubt most parties to litigation would prefer to have their arguments accepted without going through the burden of discovery, but the discovery process envisioned by the Federal Rules allows each side to conduct its own review of the documents that are likely to lead to the discovery of relevant evidence before the Court makes a decision. The time has come for Defendants to play by the rules.  The Court should order Defendants to comply fully with Plaintiff's August 3, 2009 First Set of Discovery Requests (Ex. 1) as propounded, and indeed should overrule Defendants' objections (Ex. 2) because they lack merit and were interposed in purely boilerplate fashion and hence are waived.

More detailed grounds for Plaintiff's motion are set forth in the Friday, October

16, 2009 letter undersigned counsel sent defense counsel, together with a chart showing how Defendants have essentially refused to produce anything Plaintiff has requested, except for a handful of publicly available documents.  *See* Ex. 3 (five- page letter to defense counsel with attached chart analyzing Plaintiff's requests and Defendants' objections and responses on a request-by-request basis).  For further background on the underlying substance of the case, and hence the relevance of Plaintiff's basic document requests and interrogatories to the disputed issues of liability, damages, class certification and Defendants' statute of limitations defense (as to some putative class members), Plaintiff respectfully refers the Court to Plaintiff's July 29, 2009 Conference Statement (Doc. 31).[1]

Plaintiff's repeated good faith efforts to resolve this dispute, which date back to 2007, and, more recently, since the Sixth Circuit's reinstatement of the Complaint in March 2009, date back to April 2009, have been unsuccessful.  *See* Local Rule 37.1 Declaration of Eli Gottesdiener ¶ 2; *see also* Exs. 4-7 (parties' email correspondence on Monday, October 20, 2009 and Tuesday, October 21, 2009, reflecting defense counsel's initial refusal to discuss the matter by phone; subsequent refusal to agree to a stay until such time as the parties or the Court determines the appropriate scope of discovery in this case and, if broader than Defendants see it, until such time as they produce the material and information Plaintiff has requested; and confirmation that Defendants refuse to produce anything more than the 76 publicly available documents referenced above).

---

[1] Attached to Plaintiff's Conference Statement (as Doc. 31-3) is a copy of Plaintiff's July 21, 2009 letter to Defendants regarding electronic discovery, referenced in Plaintiff's October 16 letter which Defendants promised to answer but never have.  Thus, Defendants have spurned Plaintiff's both formal and informal attempts to get basic information regarding "the existence, description, nature, custody, condition and location of . . . documents or other tangible things" that may be discoverable. Fed. R. Civ. P. 26(b)(1) (expressly making that itself a proper subject of discovery).

2

Plaintiff respectfully requests that, pending the outcome of this motion, the Court stay the scheduling order as to the October 30 deadlines for filing her First Amended Complaint and her Motion for Class Certification.  Defendants did not object to a stay of the deadline for the filing of Plaintiff's Class Motion in light of their acknowledged failure to produce relevant, responsive data, *see* Ex. 4, but for reasons they could not or would not explain, stated that they opposed any delay, pending a resolution of the parties' discovery dispute, of the filing of Plaintiff's First Amended Complaint.  *Id.*; *see also* Ex. 7 (changing position, saying they would agree to one month's delay "in view of the time it has taken us to produce discovery responses to you" but continuing to refuse to agree to a stay until the Court resolves the parties' discovery impasse and Defendants produce the requested basic discovery Plaintiffs have sought since April).  In Plaintiff's view, Defendants' position on scheduling is further confirmation that Defendants are intent on frustrating Plaintiff's ability to fairly prosecute this action.  They certainly cannot show prejudice:  they delayed this case for more than two years by arguing that Plaintiff should be forced to exhaust an internal claims process which clearly would have been futile.  It is in the interests of the justice, as well as the speedy and inexpensive determination of this action, to stay the amended complaint deadline pending the Court's determination as to the *bona fides* of her discovery requests, virtually all of which, as the Chart attached to Plaintiff's October 16 letter (Ex. 1) shows, Defendants refuse to honor without any articulated or sustainable basis.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, as may be later adduced, or as may appear to the Court, Plaintiff respectfully requests that the instant motion be granted.

Dated: October 20, 2009 Respectfully submitted,

/s/ E. Douglas Richards
E. Douglas Richards
E. DOUGLAS RICHARDS, PSC
619 Cooper Drive
Lexington, KY 40502
(859) 269-1974

Eli Gottesdiener (admitted *PVH*)
GOTTESDIENER LAW FIRM, PLLC
498 Seventh Street
Brooklyn, NY 11215
Phone: (718) 788-1500
Fax: (718) 788-1650

*Counsel for Plaintiff and the proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2009, I caused undersigned counsel designated below to be served by hand with the foregoing motion. I also caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to Defendants via counsel as follows:

Alan S. Gilbert
Jeffery S. Davis
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, Il 60606
agilbert@sonnenschein.com
jdavis@sonnenschein.com
(BY HAND)

Stephen J. O'Brien
Sonnenschein Nath & Rosenthal LLP
One Metropolitan Square, Suite 3000
St. Louis, MO 63102
sobrien@sonnenschein.com

4

5

Richard H.C. Clay
Angela Logan Edwards
Lisa D. Hughes
Woodward, Hobson & Fulton, LLP
2500 National City Tower
101 South Fifth Street
Louisville, KY  40202
AEdwards@whf-law.com
lhughes@whf-law.com

      /s/Eli Gottesdiener