UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER A. DURAND, et al.                                             PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:07-CV-130-JDM

THE HANOVER INSURANCE
GROUP, INC., et al.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

      This matter is before the court on the plaintiffs' motion for relief under Rule 54(b) of the Federal Rules of Civil Procedure. The plaintiffs request that the court enter a final judgment on its orders dismissing the "post-2003" claims of two of the three plaintiffs, Walter Wharton and Michael Tedesco.[1] The defendants vigorously oppose the motion. For reasons stated below, the court will grant the plaintiffs' request for relief.

      **A. Background**

      The plaintiffs, Jennifer Durand, Walter Wharton, and Michael Tedesco, are former employees of the defendant, Hanover Insurance Group, and participants in Hanover's pension plan, The Allmerica Financial Cash Balance Pension Plan, which is also named as a defendant. The plaintiffs allege the defendants have underpaid their pension benefits and file suit to recover benefits due, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

      The plaintiffs seek certification of an overall class and two subclasses of plan participants who received early lump-sum distributions of their retirement benefits between March 1, 1997 and

---

[1] Plaintiffs' Reply, Introduction (Docket No. 109).

August 17, 2006.² The plaintiffs seek certification under Rule 23(b)(1) and (2). The overall "lump-sum class" is represented by Durand. The lump-sum class is further comprised of two subclasses, which are delineated according to the plan amendments of March 1997 and January 2004. Wharton represents "subclass A," participants who received lump-sum distributions between January 1, 2004 and August 17, 2006. James A. Fisher represents "subclass B," participants who received lump-sum distributions between March 1, 1997 and March 12, 2002. The plaintiffs aver the Wharton subclass is comprised of about 1,700 members, and the remaining overall class and subclass, represented by Durand and Fisher, number 2,975 members.³

In a Memorandum Opinion, entered March 31, 2011 (DN 71), and a Memorandum and Order, entered January 6, 2012 (DN 78), the court dismissed Wharton and Tedesco's claims, which were added to the action by an amended complaint in December 2009, on grounds of the applicable statute of limitations. These added claims challenge, in essence, the 2004 plan amendment which changed the future interest crediting rate to the 30-year Treasury rate, (as set forth in Section 417(e) of the Internal Revenue Code), from the 1997 plan's provision for a variable, 401(k)-style rate, referred to as "investment experience crediting."⁴

In due course, the parties tendered an agreed order of class certification, and the defendants moved for partial summary judgment on Wharton's remaining claims. In a Memorandum Opinion and Order entered October 2, 2013 (DN 102), the court granted the defendants' motion and dismissed the claims of Wharton, individually, and as a putative class representative, on grounds

---

2 At employment separation, Tedesco elected a single annuity payment and continues to be a plan participant.
3 Declaration, Plaintiffs' Reply (DN 109-1).
4 The amended complaint also added an "interest crediting floor claim," to challenge the 1997 plan amendment which changed the future interest crediting rate to the 401(k)-style rate from the previous plan's provision for a fixed rate of 6%. (Mem. Op. and Order, Jan. 6, 2012, at 5-6 (DN 78)). The plaintiffs do not seek immediate appeal of this ruling and represent they have no intention of appealing this ruling in the future. (Plaintiffs' Reply at 13 (DN 109)).

which included the statute of limitations.[5] The court concluded that the 2004 plan governs the parties' dispute because the amended terms satisfy an ERISA regulatory safe harbor and because Wharton's claim for a split calculation of future interest credits under both the 2004 plan and the 1997 plan is in essence a cutback claim, which the court previously dismissed as time-barred.[6]

The remaining claims for adjudication, at present, are the whipsaw and fiduciary claims, which are set forth in the original complaint, filed in March 2007, of the plaintiff Durand, individually, and as a class representative. In short, Durand claims the defendants miscalculated her pension benefit, by using a uniform projection rate in a whipsaw calculation for future interest credits, rather than using an individualized projection rate, based on the 1997 plan provision for "investment experience crediting." Durand's claims do not challenge the 2004 plan terms.

**B. Standard for Immediate Appeal**

Rule 54(b) of the Federal Rules of Civil Procedure provides that in an action involving multiple claims or parties, a district court may direct entry of a final judgment on any claim before full adjudication of all claims if it determines there is no just reason for delay. The determination lies within the sound discretion of the district court, although general practice disfavors piecemeal appellate review. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

The district court must first conclude that it is dealing with a final judgment and then examine several factors in determining whether there is no just reason for delay – an inquiry which requires consideration of judicial administrative interests as well as the equities involved. *Lowery*

---

5 Because the ruling raised concerns about the parties' tendered agreed order of class certification, the court delayed entering the order. Specifically, the court dismissed Wharton's individual claims and stated its intention to order certification of the class, as agreed by the parties, excluding however the Wharton subclass. The parties have briefed this issue and the court will address it in a separate order.
6 The "split calculation claim" is the claim the plaintiffs refer to as the "post-2003 projection rate claim." (Plaintiffs' Motion for Entry of Jdmt. at 2 (DN 104)).

*v. Federal Exp. Corp.*, 426 F.3d 817, 821 (6th Cir. 2004) (quoting Curtiss-Wright, 446 U.S. at 8. The Court of Appeals for the Sixth Circuit lists these factors: 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Id*., (quoting *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994) (internal quotations omitted)). This analysis boils down to "whether the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirely, and it must spell out its reasons for concluding that prompt review is preferable." *Id*.

**C. Analysis**

The plaintiffs state that because the court's dismissal of Wharton and Tedesco's claims ends the case at the district court level for these plaintiffs and the 1,700 current and former Allmerica participants they seek to represent, these claims should be certified for immediate appeal. The plaintiffs further contend the outcome of the surviving claims of plaintiff and class representative Durand (and class representative Fisher) has no bearing on the merits of the dismissed claims and that certifying the dismissal orders for immediate appeal will avert potentially duplicative discovery and trial proceedings.

The defendants oppose immediate certification because, they argue, the proposed appeal would involve whipsaw, fiduciary-duty and statute-of-limitation issues that remain in this case,

including the interpretation and analysis of the 1997 plan, and that the claims are so entangled or overlapping, that the risk of a dual adjudication, with proceedings at the trial and appellate levels, is great. The court respectfully disagrees.

The court concludes the plaintiffs are entitled to prompt appellate review. The dismissed claims challenge the legality of the 2004 plan's introduction of a new future interest crediting rate, the merits of which are not only distinct from Durand's whipsaw claim under the 1997 plan, but also have no bearing on the court's ruling that the new claims asserted by new parties in a 2009 amended complaint were filed too late under the applicable statute of limitations. The meritorious time-bar defense is particularly relevant, moreover, to the court's ruling that Wharton's so-called whipsaw claim, one for a split calculation of future interest credits under to the 1997 and 2004 plans, is a disguised cutback claim which the court, again, dismissed under the statute of limitations. Because the claims of Wharton and Tedesco hinge on the application of the statute of limitations, the court concludes these claims are sufficiently distinct from the remaining claims of Durand to warrant immediate appellate review.

The defendants argue that the risk of mootness is high in the event Durand's claim eventually fails on the merits. If the defendants prevail on the merit of a uniform projection rate, this eventuality may moot Wharton's claim for a split calculation of future interest credits because the 1997 plan's projection rate and the 2004 plan's fixed rate would be the same, or at least result in no damages.[7] The court concludes, however, that this risk does not outweigh the equities favoring judicial economy and the plaintiffs' need for immediate relief.

The plaintiffs anticipate that proceedings in the district court on the remaining claims of the

---

7 See Plaintiffs' Reply at 2, 14 (DN 109).

Fisher subclass will require discovery and motion practice on affirmative defenses, including the statute of limitations and failure to state a claim, and will proceed apace during appellate review of the viability of the Wharton/Tedesco claims. The plaintiffs further contend the age of this case weighs in favor of certification in part because these plaintiffs and nearly 1,700 other class members might receive a far earlier resolution of their claims. On balance, the court concludes an immediate appeal is the more efficient, fairer way to proceed, despite the potential risks emphasized by the defendants.

Therefore, the court concludes that the equities and judicial economy favors an immediate appeal of the final orders dismissing the plaintiffs Wharton and Tedesco's post-2003 claims and that such relief will not unduly prejudice the defendants.

**IT IS HEREBY ORDERED** that the plaintiffs' motion for entry of a final order on the claims brought by plaintiffs Wharton and Tedesco is **GRANTED**. (DN 104).

The court will enter a separate, final judgment.

DATE:

cc: Counsel of Record