UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JENNIFER A. DURAND, et al.                                                                    PLAINTIFFS

v.                                                                       CIVIL ACTION NO. 3:07-CV-130-JDM

THE HANOVER INSURANCE
GROUP, INC., et al.                                                                             DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the defendants' motion to alter or amend a judgment dismissing fewer than all parties, entered December 17, 2013, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] The defendants also move, in the alternative, to stay certain discovery pending appeal. The plaintiffs, Jennifer Durand, Walter Wharton, and Michael Tedesco, are former employees and retirement-plan participants of The Hanover Insurance Group, Inc. and The Allmerica Financial Cash Balance Pension Plan, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. For reasons stated below, the court will deny the defendants' motions.

In this ERISA class action, the plaintiffs challenge the defendants' methodology for calculating lump-sum distributions between March 1, 1997 and August 17, 2006, which the plaintiffs claim resulted in an underpayment of accrued benefits. The plaintiffs claim, in part, that the defendants used an unlawful projection rate of interest in their "whipsaw" calculation and breached their fiduciary duties. The court dismissed all claims asserted by the plaintiffs Wharton and Tedesco, through a series of orders (DNs 71, 78, and 102), on grounds including the applicable statutes of limitations. These rulings essentially narrowed the remaining claims and defenses to

---

[1] Mem. Op. and Order (granting Pls.' Rule 54(b) Mot.) (Docket No. 111); Judgment (DN 112); Defs.' Mot. to Alter or Amend (DN 114).

those arising under the plan amendment of March 1, 1997, the terms of which were again amended January 1, 2004. Wharton and Tedesco's "post-2003" claims, the court reasoned, were sufficiently distinct from the remaining claims arising under the earlier plan amendment to warrant immediate appellate review.[2] Having concluded the Wharton and Tedesco claims lacked merit, the court declined to certify these plaintiffs as class representatives and, instead, certified only the original party-plaintiff Durand as an overall class representative and a subclass, represented by James A. Fisher.[3] The parties have advised the court that the Fisher subclass will require discovery and motion practice on the statute of limitations defense, as well.

In their motion to alter or amend the judgment, the defendants seek reconsideration and reversal of the entry of judgment permitting an immediate appeal for the dismissed parties, Wharton and Tedesco. The defendants argue that the basis of the Rule 54(b) judgment no longer exists because the plaintiffs seek immediate and extensive discovery on all issues, including the whipsaw/fiduciary claims, which will expose the defendants to duplicative merits discovery, rather than narrower statute-of-limitations discovery of the Fisher subclass while the Wharton/Tedesco appeal is resolved. The defendants argue that if the appellate court were to reinstate the Wharton/Tedesco whipsaw and fiduciary claims, the entire case will be delayed, further undermining the basis of the Rule 54(b) order. The defendants argue the whipsaw claim, that is, the proper projection rate of interest, is based in part on a 2002 report of the Department of Labor, which includes discussion and examples, the court notes, of potential whipsaw violations. The defendants contend overlap of discovery is inevitable because the Wharton/Tedesco claims and the remaining whipsaw/fiduciary claims stem from the same topics and the same sources of

---

[2] Mem. Op. and Order at 5 (DN 111).
[3] Order Certifying Class (DN 110).

information: the administrator's response to the 2002 DOL report, how the administrator interpreted plan terms, and what the administrator told participants of plan terms. The defendants argue they need to stay merits discovery to avoid duplication and that because a stay is necessary, given the plaintiffs' new position, the best course, argue the defendants, is to reverse the Rule 54(b) order and proceed on appeal in ordinary fashion after adjudication of all claims and parties.

The plaintiffs object to the defendants' alternative motions because the defendants revisit argument previously rejected by the court; because the anticipated discovery, running parallel to an appeal, will involve extensive, as-yet unattained document production, likely to exceed an appellate briefing schedule; and because any overlap in discovery pertaining to common legal issues involves underlying facts sufficiently distinct among the plaintiff sub-classes. The plaintiffs respond that they have no interest in duplicative discovery and agree that the core Durand claims discovery should "take a back seat" pending the Wharton/Tedesco appeal. The plaintiffs emphasize, however, that their document requests, including the 2002 DOL report, are dual-use documents. The plaintiffs argue that merely because the documents are relevant to the merits of the whipsaw/fiduciary claims, they should not be "walled off" from discovery needed on the Fisher statute-of-limitations discovery. The plaintiffs intend to show the defendants knew and did not inform participants of the whipsaw claims or the limitations on such claims and contend their defense to the statute of limitations relies as much on the 2002 DOL report and related discovery as does any underlying whipsaw/fiduciary claim.

The court remains persuaded that Rule 54(b) relief is appropriate, for reasons articulated in its previous opinion, which contemplated discovery on the Fisher subclass statute of limitations defense. The court concludes that during the document discovery phase, the overlap or duplication

3

with discovery of the merits of the whipsaw/fiduciary claims poses an insignificant and manageable risk of expense or delay, and that the balance of the equities remains in favor of prompt appellate review of the dismissals of the Wharton/Tedesco post-2003 claims. The court disagrees with the defendants that an overlap of issues during the document phase of discovery would unduly prejudice the defense in the event the Wharton/Tedesco dismissal is reversed on appeal. If discovery reaches the deposition phase before resolution of the appeal, the defendants may revisit their concerns and renew their motion to stay or seek protective orders as necessary.

The court will enter a separate order.

DATE:

cc: counsel of record