UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:07CV-00130-HBB

**JENNIFER A. DURAND, et al.**                                                                                    **PLAINTIFFS**

VS.

**THE HANOVER INSURANCE
GROUP, INC., et al.**                                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion for summary judgment by Defendants, The Hanover Insurance Group, Inc. ("Hanover") and the Allmerica Financial Cash Balance Pension Plan (the "Plan") pursuant to Fed.R.Civ.P. 56 (DN 127). Plaintiffs strongly oppose the appropriateness of Defendants filing this motion and, instead of responding, have filed a motion to confirm the case management plan and defer briefing on Defendants' summary judgment motion (DN 128). Defendants responded to Plaintiffs' motion (DN 131), and Plaintiffs replied (DN 133). This matter is ripe for determination.

### Background

Because the procedural history of this case is lengthy and complex, the Court will only focus on the events relating to the current motions of the parties. Plaintiff, Jennifer Durand, originally filed suit against her former employer, The Hanover Insurance Group, Inc., in March of 2007. Durand participated in Hanover's pension plan, Allmerica

1

Financial Cash Balance Pension Plan, which is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Durand challenged the Defendants' methodology for calculating lump sum distributions between March 1, 1997 and August 17, 2006, which she argues resulted in an underpayment of accrued benefits.

This Court granted class certification as to Plaintiff's lump sum benefit whipsaw claims and the related fiduciary breach claims. Essentially three groups of claimants exist in this ERISA based class action suit. The overall certified "Lump Sum Class," represented by Durand, includes all persons receiving a lump sum distribution from the Plan between March 1, 1997 and December 31, 2003. Additionally, this Court certified a subclass of the overall class, known as "Subclass A," represented by James Fisher. Subclass A includes all persons receiving a lump sum distribution from the Plan between March 1, 1997 and March 12, 2002. A third group, the "Wharton/Tedesco" group, has not been certified as a class in the action because their claims were dismissed by this Court through a series of orders, on grounds including the applicable statute of limitations (DN 71, 78, 102). This Court granted Plaintiffs' motion to make the dismissal of the Wharton/Tedesco claims a final and appealable judgment under Fed.R.Civ.P 54(b) (DN 118). The Wharton/Tedesco claims are currently pending on appeal at the Sixth Circuit.

Defendants' filed a motion to alter or amend the Court's Rule 54(b) order, or alternatively to stay merits discovery (DN 114). Magistrate Judge Moyer denied the motion, in the Court's April 30, 2014 Order, indicating he remained "persuaded that Rule 54(b) relief [was] appropriate, for reasons articulated in its previous opinion, *which contemplated discovery on the Fisher subclass statute of limitations defense*." (DN 118,

at p.3) (emphasis added). In this Order, Judge Moyer concluded that the written or "document" phase of discovery should proceed despite Defendants' concerns about potentially being unduly prejudiced in the event the Wharton/Tedesco claims dismissal is reversed on appeal (DN 118, p.3-4). Additionally, Judge Moyer indicated: "[i]f discovery reaches the deposition phase before resolution of the appeal, the defendants may revisit their concerns and renew their motion to stay or seek protective orders as necessary" (DN 118, at p. 4). Almost eight months later, Defendants filed the summary judgment motion that is at issue here (DN 127).

Defendants' Motion for Summary Judgment and
Plaintiffs' Motion to Defer Briefing

Defendants' current motion argues that summary judgment should be granted on Subclass A's whipsaw underpayment claims and breach of fiduciary duty claims because they are time barred by the applicable statutes of limitations (DN 127, Defendants' Motion). On both the whipsaw claims and breach of fiduciary duty claims, Defendants' contend that the statute of limitations started running when the lump-sum distribution was received by each employee (Id.). Accordingly, Defendants' argue that since the claims for "Subclass A" accrued when the distributions were received, the five-year statute of limitations for the whipsaw claims and the three-year statute of limitations for the breach of fiduciary duty claims have lapsed (Id. at p. 6-8).

In opposition, Plaintiffs do not respond to Defendants' summary judgment motion but, instead, filed a motion to confirm the case management plan and defer briefing on the summary judgment motion (DN 128, Plaintiffs' Motion). Plaintiffs argue that this

Court's Orders at DN 111 and DN 118 granted Plaintiffs full discovery on the Subclass A statute of limitations defense (Id.). Believing that the Order created a case management plan, Plaintiffs feel that Defendants' summary judgment motion is premature and disregards the Court's ordered plan (Id.) Plaintiffs also argue that Defendants have dragged their feet in complying with Plaintiffs' discovery requests and have only recently started turning over evidence relating to the Subclass A statute of limitations defense (Id. at p. 8).

Defendants' response to Plaintiff's motion focuses on three arguments. First, Defendants aver that their summary judgment motion is not premature because no prior order or rule precludes the Court from deciding their dispositive motion at this time (DN 131, Defendants' Response at p. 3). Next, Defendants argue that Plaintiffs should be judicially estopped from asking the Court to defer ruling until after the Sixth Circuit's appeal on the Wharton/Tedesco claims is resolved (Id. at p.4). Defendants finally argue that Plaintiffs have not met the strict requirements of Fed.R.Civ.P. 56(d) for deferral of a summary judgment motion (Id. at p.7).

In reply, Plaintiffs address each of Defendants' three response arguments and attempt to dismantle them. Plaintiffs argue that the Court's Order at DN 118 does expressly contemplate full discovery on the Subclass A statute of limitations defense prior to the parties filing dispositive motions on that issue (DN 133, Plaintiffs' Reply at p.1). Next, Plaintiffs clarify that they are not asking for the summary judgment motion to be deferred pending the Sixth Circuit's ruling, but, actually, only want deferral until discovery on the statute of limitations defense is completed (Id. at p. 8). Plaintiffs additionally

explain that they did not intend their motion to serve as a Rule 56(d) motion, and they do not believe they are required to file a Rule 56(d) motion at this time (Id.).

As an initial matter, Defendants are correct that there is no rule preventing them from filing their motion for summary judgment at this time.  Fed.R.Civ.P. 56(b) instructs that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Plaintiffs believe the court here ordered otherwise on the appropriateness of filing dispositive motions.  They rely heavily on Magistrate Judge Moyer's statements that the Court "contemplated discovery on the Fisher subclass statute of limitations defense" and "[i]f discovery reaches the deposition phase before resolution of the appeal, the defendants may revisit their concerns and renew their motion to stay or seek protective orders as necessary" (DN 118, at p. 3-4).  These statements, however, do not dictate the *full* discovery that Plaintiffs advocate.  The Court's previous orders envisioned the parties at least complete the written phase of discovery on the statute of limitations issue before Defendants file their dispositive motions.

The parties are months into written discovery on the Subclass A statute of limitations defense claims.  In their pending motion, Plaintiffs accuse Defendants of dragging their feet with producing documents, withholding an untold number of relevant documents, and not producing a privilege log (DN 128, Plaintiff's Motion at p. 8).  Surprisingly, Plaintiffs have not filed any motions to compel discovery from the Defendants despite these complaints in the pending motion.  Because the prior Court

Orders do indicate that some discovery was contemplated, the undersigned will allow the Plaintiffs to continue their discovery for a finite period of time.

It appears that much of the disagreement between the parties arose because there is no scheduling order outlining discovery and motion practice on the remaining claims. Thus, the Court will conduct a telephonic conference with the parties to establish a scheduling order with specific deadlines for completing written discovery on the statute of limitations issue and completing briefing on the pending motion for summary judgment.

## ORDER

It is **HEREBY ORDERED** that the Court will conduct a telephonic conference with the parties on April 13, 2015, at 10:00 AM (CDT) to put a new scheduling order into place. This Court will initiate the call.

It is further **ORDERED** that Defendants' motion for summary judgment is stayed pending completion of limited discovery on the statute of limitations issue, the deadline for which will be established during the telephonic scheduling conference.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 31, 2015

Copies:    Counsel