**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:07-CV-00130-HBB**


**JENNIFER A. DURAND,**
**On behalf of herself and on**
**Behalf of all others similarly situated**                                        **PLAINTIFFS**


**VS.**


**THE HANOVER INSURANCE GROUP, INC.,**
**And THE ALLMERICA FINANCIAL CASH**
**BALANCE PENSION PLAN**                                                      **DEFENDANTS**

## MEMORANDUM, OPINION
## AND ORDER

Before the Court is Plaintiffs' motion[1] (DN 267) for reconsideration of certain rulings in

a Memorandum Opinion and Order (DN 263) that addressed three related motions filed by the

parties (DN 235 SEALED; DN 239; DN 242 SEALED).  Defendants have filed a memorandum

in opposition (DN 270), and Plaintiffs have filed a reply in support of their motion (DN 271).

For the reasons stated below, the Court denies Plaintiffs' motion for reconsideration (DN 267).

Nature of the Case

This is a class action against the Hanover Insurance Group, Inc. ("Hanover") and the

Allmerica Financial Cash Balance Pension Plan (the "Plan").  The Plan belongs to a subset of

defined benefit plans known as cash-balance plans.  Plaintiffs' whipsaw and whipsaw-related

breach of fiduciary duty claims allege violations of various sections of the Employee Retirement

Income Security Act ("ERISA").

---

[1] Brought pursuant to Fed. R. Civ. P. 54(b) (DN 267).

On December 17, 2013, the Court issued an order certifying the classes, claims, and defenses and appointing class counsel (DN 110). The Court found that Plaintiffs had established the prerequisites for class certification pursuant to Fed. R. Civ. P. 23(a) and that the requisites of Rule 23(b)(1)(A), (b)(1)(B), and (b)(2) had been met with regard to the lump-sum benefit whipsaw calculation and related fiduciary breach claims remaining in the case and that Plaintiffs' counsel should be appointed class counsel pursuant to Fed. R. Civ. P. 23(g) (Id. PageID # 1724-25). The order established an overall class (the "Lump Sum Class") of vested Plan participants who received a lump sum distribution between March 1, 1997 and December 31, 2003 (Id. PageID # 1725). The order certified Durand as the overall class representative (Id.). Additionally, the order established a subclass ("Subclass A") made up of class members who received their lump sum distribution between March 1, 1997 and March 12, 2002 (Id.). The order certified James A. Fisher, who received a lump sum distribution in 2000, as the subclass representative (Id.).

Prior Ruling

The Order at issue addressed Defendants' motion to enforce the scheduling order and for a protective order forbidding Plaintiffs additional privilege challenges as untimely (DN 235 SEALED); Plaintiffs motion to update and amend the Court's December 17, 2013 class certification order (DN 239); and Plaintiffs motion for *in camera* review of 218 additional documents that Defendants are withholding on privilege grounds (DN 242 SEALED). These related motions arose out of the 204(h) documents that Defendants produced, subject to a non-waiver stipulation, on October 18 and December 5, 2017.

The Order denied Defendants' motion, and granted in part and denied in part Plaintiffs' two motions (DN 263 PageID # 5233). Plaintiffs' motion for reconsideration focuses on certain

portions of the Order that addressed their two motions. The Court will briefly discuss Plaintiffs' two motions (DN 239, 242 SEALED) and the disputed portions of the Order (DN 263).

Plaintiffs' motion to update and amend the class certification order proposed some minor modifications to the Lump Sum Class definition and a mix of minor and substantial changes to the Subclass A[2] definition (DN 239). The Court granted Plaintiffs' motion to the extent that it sought minor modifications to the Lump Sum Class (DN 263 PageID # 5200-01). The Court granted in part and denied in part Plaintiffs' motion to with regard to their proposed changes to the Subclass A definition (DN 263 PageID # 5201-19).

More specifically, Plaintiffs conceded that the whipsaw benefits claims asserted by Subclass A's members are time-barred (DN 239 SEALED PageID # 4390-91 and 4394-95, DN 240 PageID # 4402, 4405-07). Plaintiffs proposed amending the class certification order to reflect that Subclass A's members are now limited to seeking appropriate equitable relief under § 502(a)(3) on whipsaw-related breach of fiduciary duty claims (DN 239 SEALED PageID # 4390-91 and 4394-95, DN 240 PageID # 4402, 4405-07). Facially, Plaintiffs' proposal seemed reasonable. But Defendants objected, arguing at least two claims that Plaintiffs intended to pursue were not actually pleaded in the amended complaint (DN 246 SEALED PageID # 4687-88). Notably, Plaintiffs failed to address this issue in their reply memorandum (DN 253 SEALED PageID # 5075-89).

In an effort to obtain a clear understanding of the dispute, the Court reviewed a number of documents in the record, including a letter from Plaintiffs' counsel dated February 5, 2016 (DN 263 PageID # 5202-03, citing DN 162 PageID # 2235-36; DN 239 PageID # 4390-91; DN 239-1 PageID # 4394-95; DN 240 PageID # 4402, 404, 4405-06 & n. 1, 4407; DN 253 SEALED

---

[2] The Court ordered that Subclass A would be renamed as the "Whipsaw-Related Fiduciary Breach Class" in the revised class certification order (DN 263 PageID # 5207). For ease and brevity, the "Whipsaw-Related Fiduciary Breach Class" will be referenced throughout this order as Subclass A.

PageID # 5075). The Court determined that Plaintiffs were proposing that Subclass A's members will pursue the following whipsaw-related breach of fiduciary duty claims:

> 1. Defendants breached their fiduciary duty under ERISA § 404 by failing to independently investigate the legality of the Plan's calculation method and override the Plan terms pursuant to ERISA § 404(a)(1)(D).

> 2. Defendants breached their fiduciary duty under ERISA § 404 by concealing from participants the plan's whipsaw calculation methodology (*i.e.*, "projecting" to age 65 at the same rate as the ERISA-required discount rate, which was designed to be a meaningless "wash" calculation).

> 3. Defendants breached their fiduciary duty under ERISA § 404 by concealing from participants (1) that the Department of Labor had concluded that plaintiffs had a viable claim to additional whipsaw benefits . . . and (2) that participants could potentially forfeit that claim if they did not file suit within 5 years of receiving a lump-sum distribution, when the statute of limitations might foreclose the claim.

> 4. Defendants violated ERISA's § 102's SPD disclosure requirements by concealing from participants (1) that the Department of Labor had concluded that plaintiffs had a viable claim to additional whipsaw benefits . . . and (2) that participants could potentially forfeit that claim if they did not file suit within 5 years of receiving a lump-sum distribution, when the statute of limitations might foreclose the claim.

> 5. Defendants breached a fiduciary duty because they failed to apply to a court for instructions in 2002, while the participants' claims were unquestionably timely, about how to calculate benefits in light of the uncertainty created by the DOL IG's conclusions; and whether it needed to recalculate the lump sum benefits already paid to members of the Fisher class.

(DN 263 PageID # 5202-03). The Court found that claims 1 and 2 are actually pleaded in the amended complaint (Id. PageID # 5203-07). The Court also found that claims 3, 4, and 5 are not actually pleaded in the amended complaint (Id.). The Court reasoned that certification cannot be premised on these unpleaded claims (Id.). Therefore, the Court ordered that the class

4

certification order shall be amended to reflect that Subclass A's class members are pursuing equitable relief under § 502(a)(3) on the whipsaw-related breach of fiduciary duty claims 1 and 2 identified above (Id.).

Plaintiffs also proposed an expansion of Subclass A to include Plan participants who received lump sum distributions between January 1, 2004 and August 17, 2006 (DN 239 PageID # 4391, DN 240 PageID # 4402, 4404, 4407-15). The Court considered the arguments of the parties and the record, including the amended complaint, and found that the whipsaw benefits claims and the whipsaw-related breach of fiduciary duty claims (claims 1 and 2 above) asserted by this group of Plan participants had already been denied on the merits (DN 263 PageID # 5208-13). Further, the Court concluded this dispositive ruling is the law of the case with regard to this group of Plan participants and that Plaintiffs failed to demonstrate a reason to reconsider that dispositive ruling (Id.). Therefore, the Court ordered that the class certification order shall not be amended to include this group of Plan participants (Id.).

Plaintiffs' also proposed amending the class certification order to expressly, instead of implicitly, indicate that Subclass A's members include participants who received lump sum distributions between March 1, 1997 and December 31, 1997 from two other plans (DN 239 PageID # 4391; DN 240 PageID # 4402-04, 4415-17). Specifically, this group of participants received lump sum distributions from the Allmerica Financial Cash Balance Pension Plan as adopted by the Hanover Insurance Company ("Hanover Plan") and the Allmerica Financial Cash Balance Pension Plan as adopted by Citizens Insurance Company of America ("Citizens Plan") (Id.). Defendants objected to the proposed amendment because participants in the Hanover and Citizens plans were not mentioned in Plaintiffs' motion for class certification (DN 246 SEALED PageID # 4674-75, 4687-08, citing DN 97 PageID # 1557, 1559 and DN 110 PageID # 1725).

Further, Defendants denied that the parties and the Court understood that participants in the Hanover and Citizens plans were implicitly included in the class certification order (Id.). The Court found that the record did not support Plaintiffs' claim that everyone understood the class certification order (DN 110) implicitly included participants in the Hanover and Citizens Plans (DN 263 PageID # 5214-19). Further, the Court concluded, despite being aware of Defendants' position for years, Plaintiffs failed to timely seek clarification or correction of the class certification order (Id.). Therefore, the Court denied Plaintiffs' untimely request to amend the class certification order to expressly include participants in the Hanover and Citizens Plans (Id.).

Plaintiffs' second motion sought *in camera* review of 199 additional documents that Defendants were withholding on claim of privilege (DN 242 PageID # 4484-99). Plaintiffs' relied on the claimed content of three recently produced 204(h) documents[3] and the similarity of their privilege log descriptions to those of the 199 additional documents to argue the content in these additional documents may pertain to matters of plan administration **OR** may satisfy the threshold requirement for in camera review under the crime-fraud exception (Id.). Plaintiffs also relied on the claimed content of the three recently produced 204(h) documents to support their assertion that the 199 additional documents may contain information that is relevant to Subclass A's whipsaw-related breach of fiduciary duty claims (Id.).

In the context of assessing relevance within the meaning of Rule 26(b)(1), the Court considered only the whipsaw-related breach of fiduciary duty claims that Plaintiffs actually pleaded in the amended complaint (claims 1 and 2 above) (DN 263 PageID # 5221-33). The Court concluded that an *in camera* review would be appropriate as to 141 of the documents as

---

[3] Specifically, Plaintiffs relied on purportedly relevant content in the Klein-Huber Letter dated November 6, 2003 (HanoverPriv174450-52), the DeMatties Memo of May 20, 2004 (HanoverPriv174495-99), and the November 17-19, 2003 Email String (HanoverPriv174491-93 and HanoverPriv174418-23) to argue the 199 documents, with similar privilege log descriptions, may also have relevant material and, therefore, the Court should conduct an in camera review of the documents.

they seemed to be relevant to the whipsaw-related breach of fiduciary duty claims and pertain to matters of plan administration (Id.). The Court also concluded that Plaintiffs had made an unsubstantiated allegation of a criminal purpose which was not sufficient to warrant an *in camera* review under the crime-fraud exception to the attorney-client privilege (Id.).

Plaintiffs' Motion to Reconsider

Plaintiffs seek reconsideration of the following: (1) the Court's "*sua sponte* dismissal" of claims 3, 4, and 5 for want of an adequate statement in the amended complaint; (2) the Court's denial, based on its dismissal of the three claims, of Plaintiffs' requested modifications to Subclass A's definitions; (3) the Court's consideration of only claims 1 and 2 in the Rule 26(b)(1) relevance assessment of the 199 documents that Plaintiffs asked to be reviewed *in camera*; and (4) the Court's denial of Plaintiffs' request to amend the class certification order to expressly indicate that Subclass A's members include participants in the Hanover and Citizens plans (DN 267).

In their response, Defendants argue: (1) they flagged the issue of the claims not appearing in the amended complaint; (2) the requested modifications to the Class definitions were not appropriate; (3) consideration of only claims 1 and 2 was appropriate in assessing the Rule 26(b)(1) relevance of the 199 documents; and (4) the class certification order did not implicitly include participants in the Hanover and Citizens plans (DN 270).

In their reply, Plaintiffs assert: (1) claims 3, 4, and 5 are adequately pleaded in the amended complaint; (2) the Court should revisit their requested modifications to Subclass A's definition; and (3) the definitions in the amended complaint should be considered in determining whether participants in the Hanover and Citizens plans are included in the class certification order (DN 271).

## DISCUSSION

### A.

### Reconsideration of Interlocutory Orders

District courts possess the inherent power to reconsider their interlocutory orders and modify or rescind those orders prior to entry of a final judgment. Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing Marconi Wireless Tel. Co. v. United States, 320 U.S. 1, 47-48 (1943); Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88 (1922). Moreover, in pertinent part, Rule 54 states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Together the common-law authority and Rule 54(b) give district courts the power to revisit their interlocutory orders. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x. 949, 959 (6th Cir. 2004).

The Order (DN 263) at issue adjudicated Defendants' motion to enforce the scheduling order and for a protective order forbidding Plaintiffs additional privilege challenges as untimely (DN 235 SEALED); Plaintiffs motion to update and amend the Court's December 17, 2013 class certification order (DN 239); and Plaintiffs motion for *in camera* review of 218 additional documents that Defendants are withholding on privilege grounds (DN 242 SEALED). This is an interlocutory order. Therefore, the Court has the power to revisit its rulings.

### The Applicable Standard

Traditionally, courts have found "justification for reconsidering interlocutory orders whe[re] there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a

need to correct a clear error or prevent manifest injustice." Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009) (quoting Rodriguez v. Tenn. Laborers Health & Welfare, 89 F. App'x 949, 959 (6th Cir. 2004)). Further, courts possess "significant discretion" when they review interlocutory orders. Albritton v. CVS Caremark Corp., No. 5:13-CV-218-TBR-LLK, 2015 WL 6942498, at *2 (W.D. Ky. Nov. 10, 2015; Rodriquez, 89 F. App'x at 959 n. 7.

Notably, a motion to reconsider under Rule 54(b) may not "serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration [is] sought." Owensboro Grain Co., LLC v. AUI Contr., LLC, No. 4:08CV-94-JHM, 2009 U.S. Dist. LEXIS 18025, at *6 (W.D. Ky. Mar. 10, 2009) (quoting Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008)). Further, "[m]otions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." Ne. Ohio Coal. for Homeless v. Brunner, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). Additionally, "[t]he moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

B.

*Sua Sponte* Dismissal of Claims 3, 4, and 5

1.    The Parties' Arguments

Plaintiffs' assert that the Court *sua sponte* dismissed claims 3, 4, and 5 for want of an adequate statement in the amended complaint (DN 267 PageID # 5259-60). Plaintiffs argue that claims 3, 4, and 5 are adequately pleaded under Rule 8 because paragraphs 37, 44, 48, 85, 86, 87,

and 88 in the amended complaint, when stripped of extraneous allegations (*see* Exhibits A and B), provide more than adequate notice of the claims[4] (DN 267-1 PageID # 5268-76). Plaintiffs indicate that the Order failed to identify any purported unfairness or hardship suffered by Defendants as a result of the alleged lack of adequate notice about claims 3, 4, and 5 (Id. PageID # 5275).

Defendants assert that they flagged the issue of unpleaded claims in opposition to Plaintiffs' motion, and, therefore, the Court did not make a "*sua sponte*" determination regarding claims 3, 4, and 5 (DN 270 PageID #5306-12, citing DN 246 at 17). Defendants point out, despite their flagging the issue, Plaintiffs failed to respond to their argument (Id.). For this reasons, Defendants contend Plaintiff cannot raise this new argument in their motion to reconsider and complain about purported clear error (Id.). Alternatively, Defendants argue the Court correctly determined that claims 3, 4, and 5 do not appear in the amended complaint (Id.).

In their reply, Plaintiffs again rely on paragraphs 37, 44-48, 85-86, and 87-91 in the amended complaint to argue that claims 3, 4, and 5 are adequately pleaded under Rule 8 (DN 271 PageID # 5326-33).

---

[4] Plaintiffs explain that paragraphs 37 and 44 in the amended complaint (Exhibit A) provide more than adequate notice of the first part of claims 3 and 4: "Defendants 'conceal[ed] from participants (1) that the Department of Labor had concluded that plaintiffs had a viable claim to additional whipsaw benefits'" (DN 267-1, PageID # 5271). Plaintiff indicates that paragraphs 87 and 88 (Exhibit A) provide more than adequate notice of the second part of claims 3 and 4: "Defendants did not notify participants 'that participants could potentially forfeit th[eir] [viable whipsaw] claim if they did not file suit within 5 years of receiving a lump-sum distribution, when the statute of limitations might foreclose the claim" (Id. PageID # 5271-72). However, Plaintiffs acknowledge that paragraphs 87 and 88 do not specifically refer to the 5-year statute of limitations but assert that Rule 8 does not require that level of specificity (Id. PageID # 5272).
Plaintiffs explain while paragraphs 37, 48, 85, and 86 do not specifically indicate that the Administrator should have assessed the legality of its actions by applying to a court, the allegation is implicit (Id. PageID # 5273-76). Plaintiffs assert that Rule 8 does not require that degree of specificity (Id.).

2.      Analysis

a.      Claims 3 and 4

The Court will begin with Plaintiffs bold assertion that the Court *sua sponte* dismissed claims 3, 4, and 5 identified above. Contrary to Plaintiffs' allegation, Defendants flagged the issue of unpleaded claims in their response to Plaintiffs' motion to update and amend the class certification order. Despite Defendants' clear identification of the issue, Plaintiffs did not address it in their reply memorandum. Further, in the context of ruling on the issue, the Court discovered an additional unpleaded claim. Most importantly, contrary to Plaintiffs' assertion, the Court did not dismiss the claims. Rather, it found that claims 3, 4, and 5 are not pleaded in the amended complaint. The Court concluded that certification of the proposed class could not be premised on these unpleaded claims. This is why the Court directed that the amended class certification order shall indicate Subclass A's members are pursuing equitable relief under § 502(a)(3) on claims 1 and 2 identified above but not claims 3, 4, and 5. In sum, Plaintiffs assertion of *sua sponte* dismissal is not an accurate description of what actually occurred.

Additionally, with regard to the issue of unpleaded claims, Plaintiffs are using their motion to raise legal arguments about claims 3 and 4 that could have been, but were not, presented in their reply memorandum. This is not an appropriate use of a motion to reconsider. *See* Owensboro Grain Co., LLC, 2009 U.S. Dist. LEXIS 18025, at *6 (a motion to reconsider may not be used to present facts or raise legal arguments that could have been earlier raised). Therefore, Plaintiffs are not entitled to reconsideration of the portion of the prior order that concluded claims 3 and 4 are not pleaded in the amended complaint.

b.    Claim 5

By contrast, using their motion to raise legal arguments about claim 5 is appropriate because those arguments could not have been presented in Plaintiffs' reply memorandum. However, it is incumbent upon the Court to again reiterate that claim 5 has not been dismissed. Rather, the Court found that claim 5 is not pleaded in the amended complaint and, therefore, certification of the proposed class could not be premised on this unpleaded claim.[5]  This distinction is important because the question is not, as Plaintiffs argue, whether claim 5 is adequately pleaded; an analysis that involves Rules 8(a)(2) and 12(b)(6) and the Court determining whether the amended complaint contains enough facts to find that the claim is facially plausible and, therefore, should not be dismissed.  *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. Twombly, 550 U.S. 544, 556 (2007).  Rather, the issue is whether claim 5 is present at all in the amended complaint.

Claim 5 reads as follows:

> Defendants breached a fiduciary duty because they failed to apply to a court for instructions in 2002, while the participants' claims were unquestionably timely, about how to calculate benefits in light of the uncertainty created by the DOL IG's conclusions; and whether it needed to recalculate the lump sum benefits already paid to members of the Fisher class.

---

[5] In reaching this conclusion, the Court noted that a number of district courts in the Ninth Circuit have concluded that a proposed class should not be certified if it is seeking recovery on a claim that is absent from the operative complaint (DN 263 PageID # 5204-05, citing Sinohui v. CEC Entm't, Inc. No. EDCV 14-25160-JLS(KKx), 2016 WL 3475321, at *9 (C.D. Cal. Mar. 16, 2016) (class certification denied because the proposed class sought recovery on a claim that was not set forth in the complaint); Ortiz v. CVS Caremark Corp., No. C-12-05859 EDL, 2013 WL 6236743, at *11 (N.D. Cal. Dec. 2, 2013) (denying certification of a class premised on unpleaded claim); Brown v. Am. Airlines, Inc., 285 F.R.D. 546, 560 (C.D. Cal. 2011) ("Class certification is not a time for asserting new legal theories that were not pleaded in the complaint."); York v. Starbucks Corp., No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *10 (C.D. Cal. Nov. 23, 2011) (certification of subclasses denied because the first amended complaint failed to provide adequate notice of the claims asserted).  Although there did not appear to be any cases within the Sixth Circuit that have applied this rule, the Court found the reasoning sound and, therefore, applied it to the issue at hand (DN 263 PageID # 5204-07).

(DN 263 PageID # 5203). In the context of making the earlier determination, the Court considered what was actually set forth in the "**BACKGROUND**" section of the amended complaint and explained why none of the paragraphs within that section alleged that Defendants failed to apply to a court for instructions in 2002 (DN 263 PageID # 5204-05). The Court then reviewed the "**CLAIMS FOR RELIEF**" section of the amended complaint and, focused on, the paragraphs in a subsection entitled "**Class and All Subclasses: Breach of Fiduciary Duty Claims**" (Id. PageID # 5205-06). The Court found that none of the paragraphs in this subsection allege breach of a fiduciary duty arising out of Defendants failure to apply to a court for instructions in 2002 (Id. PageID # 5206). Therefore, the Court concluded that paragraphs 44-47 and 88-91 in the amended complaint do not assert claim 5 identified above (Id.).

Plaintiffs argue the Court committed a clear error because it failed to strip all extraneous allegations from paragraphs 37, 44, 48, 85, and 86 to determine whether the allegations that remain provide notice of claim 5 (DN 267-1 PageID # 5270, 5273-76, citing DN 267-3 Exhibit B). Additionally, Plaintiffs contend the words "failed to apply to a court" did not need to be set forth in the amended complaint to satisfy the fair notice requirement under Rule 8 (Id. PageID # 5273-76). The Court disagrees with Plaintiffs improper interpretation of Rule 8 and the relevant case law.

Rule 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). While the Rule does not require detailed factual allegations, it does impose an obligation to provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which that claim rests. *See* Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). The Court questions how the amended complaint could possibly

provide Defendants with fair notice of claim 5 if it failed to assert that Defendants had a fiduciary duty to apply to a court for instructions—about how to calculate benefits in light of the uncertainty created by the DOL IG's conclusions—and an allegation that Defendants breached that fiduciary duty by failing to do so in 2002. With this in mind, the Court has reviewed paragraphs 37, 44, 48, 85, and 86, as they are actually written, and concludes that claim 5 is not pleaded in the amended complaint. In sum, Plaintiffs have failed to demonstrate the Court committed a clear error when it found that claim 5 is not pleaded in the amended complaint. Additionally, other than making a bare assertion, Plaintiffs have failed to demonstrate there is a need to prevent a manifest injustice.

## C.

### Mandate

1. The Parties' Arguments

Next, Plaintiffs argue the Court committed a clear error because dismissal of claims 3, 4, and 5 is barred by the Sixth Circuit's mandate in <u>Durand II</u> (DN 267-1 PageID # 5276-78). Plaintiff contends the mandate explicitly recognized the pendency of these claims and the expectation that Plaintiffs will pursue them before this Court (DN 267-1 PageID # 5276-78). Defendants argue the sentence that Plaintiffs rely on in <u>Durand II</u> is not a mandate, but is instead dicta (DN 270 PageID # 5314-16).

2. Analysis

Again, claims 3, 4, and 5 were not dismissed. Rather, the Court found they are simply not pleaded in the amended complaint and, therefore, certification of the proposed class could not be premised on these unpleaded claims. More to the point, Plaintiffs' argument is premised on the highlighted sentence within the following paragraph:

Plaintiffs' first theory of breach plainly does not relate to Plan participants' awareness of their cutback claims. The IG report that Plaintiffs argue should have been disclosed addressed an entirely distinct aspect of Plan policy (i.e., the projection rate used in the whipsaw calculation) and, moreover, was issued years before the 2004 Amendment was adopted. Defendants' failure to disclose the IG's findings therefore has no relevance to the lapse of the cutback claims on January 1, 2009. *If Defendants' failure to disclose the findings of that report did constitute a breach of fiduciary duty for other reasons, a question not before us**, the Plaintiff class still has every opportunity to press forward with that theory** under the whipsaw-related breach of fiduciary claims that remain in the case.* Plaintiffs' second theory fails for similar reasons, as they do not explain how Defendants' disclosure of the alleged purpose of the 2004 Amendment to prevent whipsaw liability would have alerted continuing plan participants to the existence of a cutback claim.

Durand II, 806 F.3d at 377 (emphasis added). Plaintiffs' assert that the phrase "has every opportunity to press forward with that theory" is a mandate by the Sixth Circuit explicitly recognizing the "live pendency" of these claims before this Court and expressing the Sixth Circuit's expectation that Plaintiffs will continue to press forward with them (DN 267-1 PageID # 5276).

The law is well settled, "when a case has been remanded, the trial court must upon the remand proceed in accordance with the mandate and law of the case as established by the appellate court." Petition of U.S. Steel Corp., 479 F.2d 489, 493 (6th Cir.1973). Thus, the trial court is precluded from reconsidering issues that were "necessarily decided" in the earlier appeal. Kavorkian v. CSX Transp., Inc., 117 F.3d 953, 959 (6th Cir.1997). The issues may have been decided either expressly or implicitly. Hanover Ins. Co. v. Am. Eng'g Co., 105 F.3d 306, 312 (6th Cir.1997). However, to be considered part of the law of the case, an issue must have been "fully briefed and squarely decided." Perkins v. Am. Elec. Power Fuel Supply, Inc., 91 F. App'x 370, 374 (6th Cir.2004).

In Durand II, Plaintiffs' appeal challenged only the dismissal of their cutback and cutback-related breach of fiduciary duty claims. Id. at 370. Thus, the issue of whether claims 3, 4, and 5 are pleaded in the amended complaint and whether Plaintiffs should be allowed to pursue those claims was not raised on appeal, fully briefed, and squarely decided in Durand II. Id. at 369, 376-77. For this reason alone, Plaintiffs' mandate argument fails.

Moreover, the context in which the Sixth Circuit made that comment suggests nothing more than a non-binding observation. The highlighted sentence is set forth in a paragraph explaining why two instances of nondisclosure identified by Plaintiffs could not support a breach of fiduciary duty claim related to the lapse of their cutback claims concerning the 2004 amendment. Id. at 377. The first instance of nondisclosure was Defendants purported failure to inform Plan participants, while their claims were still timely, about the Inspector General's report. Id. The second instance of nondisclosure was Defendants alleged failure to tell Plan participants that the purpose of the 2004 amendment was to cut off whipsaw liability. Id. The highlighted sentence addresses only the first instance of nondisclosure. Id. The sentence that follows addresses the second instance of nondisclosure. Id.

Claims 3 and 4 identified above are premised on the first instance of nondisclosure. The highlighted sentence merely articulates the Sixth Circuit's observation that the first instance of nondisclosure may relate to the whipsaw-related breach of fiduciary duty claims that remain in the case. Id. However, that observation includes the implicit, but obvious, caveat that such a theory of breach must be asserted in the amended complaint in order for Plaintiffs to actually pursue it before this Court.

Claim 5 is not premised on the first or second instance of nondisclosure identified by the Sixth Circuit. Instead, claim 5 is based on Defendants failure to apply to a court for instructions

in 2002. Plaintiffs did not identify this claim to Defendants and the Court until sometime after their February 5, 2016 letter, perhaps as recently as November 2, 2017 in a foot note (*see* DN 162, 240 PageID # 4405-06 n. 1). Thus, the Sixth Circuit did not consider this theory of breach in the above quoted paragraph, and more specifically the highlighted sentence. Id. For this reason, the Court concludes that Plaintiffs' argument with regard to claim 5 is specious at best.

For the above reasons, Plaintiffs have failed to demonstrate the Court committed a clear error. Additionally, Plaintiffs' bare assertion is not sufficient to demonstrate a need to prevent manifest injustice.

## D.

### Forfeiture and Waiver

1. The Parties' Arguments

Next, Plaintiffs assert that the Court committed a clear error when it dismissed claims 3, 4, and 5 because Defendants forfeited their argument by not presenting the issue to the Sixth Circuit in the 2015 appeal (DN 267-1 PageID # 5278-80). Plaintiffs suggest that Defendants had the opportunity and strong incentive to raise the issue in the 2015 appeal but instead argued only that the claims were irrelevant to Plaintiffs' cutback claims (Id.). Alternatively, Plaintiffs assert that the Court committed a clear error because Defendants waived their argument by not presenting to this Court years earlier (Id. PageID # 5280-82). Plaintiffs contend that as early as November 2013, Defendants were aware of their belief that claims 3, 4, and 5 were stated in the amended complaint (Id.).

Defendants assert that Plaintiffs' waiver argument fails because the Sixth Circuit's opinion dealt only with the cutback claims and related breach of fiduciary duty claims arising from the 2004 Plan amendment (Id. PageID # 5316-17). Defendants indicate that Plaintiffs'

forfeiture argument fails because they made Plaintiffs aware of their position and the burden rested with Plaintiffs to amend the pleading to correct the problem (Id. PageID # 5317-19).

2. Analysis

The Court will begin by noting that Plaintiffs' reference to claim 5 in their forfeiture and waiver arguments appears to be an oversight. Plaintiffs did not identify this claim to Defendants and the Court until sometime after their February 5, 2016 letter, perhaps as recently as November 2, 2017 in a foot note (*see* DN 162, 240 PageID # 4405-06 n. 1). Obviously, Plaintiffs cannot be arguing Defendants should have challenged this claim years before it was actually identified.

The Court notes that Plaintiffs' forfeiture argument is premised on the mandate rule which has two components. *See* United States v. O'Dell, 320 F.3d 674, 679 (6th Cir. 2003). The first component is known as the limited remand rule and it arises from action by an appellate court. Id. The second component is known as the waiver rule and it arises from the action or inaction of one of the parties. Id. It applies "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.'" Id. (quoting United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (cleaned up).

The issue of whether claims 3 and 4 are pleaded in the amended complaint was not raised by any party nor addressed by this Court in any of the opinions and orders dismissing the claims of Wharton and Tedesco (DN 71, 78, 102). In fact, the Court focused on claims 1 and 2 identified above when it denied on the merits Wharton's whipsaw and whipsaw-related breach of fiduciary duty claims in the amended complaint (DN 102 PageID # 1589-1600). Thus, the issue

of whether claims 3 and 4 are pleaded in the amended complaint was not ripe for review at the time of Plaintiffs' appeal to the Sixth Circuit.

On May 30, 2014, Plaintiffs' filed their notice of appeal (DN 120). The notice of appeal indicates they were appealing from the Court's final judgment, under Fed. R. Civ. P. 54(b), pertaining to previous opinions and orders dismissing the claims of Walter Wharton and Michael Tedesco (DN 71, 78, 102, 112, 120). Notably, on appeal, Plaintiffs abandoned Wharton's claims and challenged only the dismissal of the cutback and cutback-related breach of fiduciary duty claims related to the 2004 Amendment. Durand II, 806 F.3d at 370.

In sum, the issue of whether claims 3 and 4 are pleaded in the amended complaint was not ripe for appellate review. Further, Plaintiffs' challenge on appeal did not require argument on that issue. Thus, contrary to Plaintiffs' assertion, Defendants did not have the opportunity and incentive to present an argument to the Sixth Circuit regarding this issue.

Plaintiffs cite United States v. McCreary-Redd, 628 F. Supp. 2d 764, 781-82 (E.D. Tenn. 2007) in support of their position that the waiver rule even applies to arguments that are tangential to the central issue on appeal (DN 267-1 PageID # 5279-80). In that case, the defendant attacked his guilty plea on direct appeal. Id. at 771. On remand, the defendant sought to relitigate his motion to suppress that the district court had previously granted in part and denied in part. Id. at 781. The district court declined to resurrect the suppression issue for a number of reasons, including the second component of the mandate rule. Id. at 781-82. The district court determined that the defendant had waived the issue under the mandate rule because he failed to challenge the ruling on direct appeal. Id. at 782.

The circumstances in McCreary-Redd are distinguishable from the situation here. In McCreary-Redd, the district court ruled on the suppression issue, making it ripe for review on

direct appeal. As explained above, the issue of whether claims 3 and 4 are actually pleaded in the amended complaint was not ripe at the time Plaintiffs pursued their appeal. In fact, Plaintiffs' appeal occurred years before this Court ruled on that issue. Thus, Plaintiffs' reliance on McCreary-Redd is misplaced.

The Court finds Plaintiffs waiver argument equally unavailing. They have not cited any authority in support of their position. Moreover, Plaintiffs mistakenly rely on the wrong part of the Order to support their argument (*see* DN 267-1 PageID # 5280-82 with DN 263 PageID # 5216-19). The part of the Order Plaintiffs depend on addresses the question of whether they waited too long to amend the class description to include participants in the Hanover and Citizens' plans (DN 263 PageID # 5216-19). Again, it is incumbent upon the Court to reiterate that claims 3 and 4 have not been dismissed. Rather, the Court found that these claims are not present in the amended complaint and, therefore, certification of the proposed class could not be premised on these unpleaded claims.

For the above reasons, Plaintiffs have failed to demonstrate the Court committed a clear error. Additionally, Plaintiffs' bare assertion is not sufficient to demonstrate a need to prevent manifest injustice.

E.

Requested Modifications to Subclass A

1. The Parties' Arguments

Plaintiffs again argue the Court committed clear error when it concluded that claims 3, 4, and 5 are not adequately pleaded in the amended complaint (DN 267-1 PageID # 5282; DN 271 PageID # 5333-34). Plaintiffs assert, since that conclusion was erroneous, the Court should grant

their first and second requested modifications to Subclass A (DN 267-1 PageID # 5282; DN 271 PageID # 5333-34).

Defendants argue there is no basis to reconsider its denial of Plaintiff's requested expansion of Subclass A to include the participants who received lump sum payments between January 1, 2004 and August 16, 2006 (DN 270 PageID 5319-20). Defendant point out the Court recognized that the dispositive ruling on the claims asserted by this group of Plan participants was the law of the case and Plaintiffs had not challenged the ruling as clearly erroneous or creating a manifest injustice (Id.).

In their reply, Plaintiffs again rely on paragraphs 37, 44-48, 85-86, and 87-91 in the amended complaint to argue that claims 3, 4, and 5 are adequately pleaded under Rule 8 (DN 271 PageID # 5326-33). If the Court agrees, then Plaintiffs assert the Court should revisit its denial of their request to modify Subclass A to include participants who received lump sum distributions between January 1, 2004 and August 17, 2006 and are asserting whipsaw-related breach of fiduciary duty claims 3, 4, and 5 (Id. PageID # 5333-34). Plaintiff points out that the Court found this group of participants could not pursue these claims because they are not asserted in the amended complaint (Id.).

2.     Analysis

Earlier in this order, the Court found that Plaintiffs are not entitled to reconsideration as to the Order's finding that claims 3 and 4 are pleaded in the amended complaint. The Court further found that there was no clear error with respect to the Order's finding that claim 5 is not pleaded in the amended complaint. In light of these findings, there appears to be no reason to revisit denial of Plaintiffs' first and second requested modifications to Subclass A. Therefore,

the Order's rulings stand with regard to Plaintiffs' first and second proposed amendments to Subclass A.

In light of the parties' arguments, some clarification may be appropriate with regard to the Order addressing Plaintiffs' second proposed amendment to Subclass A.  Plaintiffs proposed expanding Subclass A to include Plan participants who received lump sum distributions between January 1, 2004 and August 17, 2006 (DN 239 PageID # 4391, DN 240 PageID # 4402, 4404, 4407-15).  By this point in the Order, the Court had already found that claims 3, 4, and 5 are not actually pleaded in the amended complaint, and directed that the class certification order shall be amended to reflect that Subclass A's members are pursuing equitable relief under § 502(a)(3) on the whipsaw-related breach of fiduciary duty claims 1 and 2 identified above (DN 263 PageID #5203-07).  Therefore, the Order focused on the whipsaw-related breach of fiduciary duty claims (claims 1 and 2 above) actually pleaded in the amended complaint by Wharton and this group of Plan participants (DN 263 PageID # 5208-13).  The Order found those claims had already been denied on the merits, this is the law of the case, and Plaintiffs had failed to demonstrate a reason to reconsider this dispositive ruling (Id.).  Therefore, the Order directed that the class certification order shall not be amended to include this group of Plan participants (Id.).  The Court finds that Plaintiffs have not demonstrated clear error with regard to the Order's ruling on Plaintiffs' second proposed amendment to Subclass A (DN 263 PageID # 5209-13).

E.

The Hanover and Citizens Plans

1.     The Parties' Arguments

Plaintiffs argue the Court committed clear error when it rejected their request to clarify the class certification order to explicitly indicate that participants in the Hanover and Citizens

22

plans are included in the certified class (DN 267-1 PageID # 5282-85; DN 271 PageID # 5334-35). Plaintiffs explain that participants in the Hanover and Citizens plans are already class members by virtue of what is alleged in the amended complaint at paragraphs 11 and 12 (Id. citing DN 46). Plaintiffs contend the Court erred in relying on Kerns v. Caterpillar, Inc., No. 3:06-1113, 2011 WL 1598830, at *6 (M.D. Tenn. Apr. 27, 2011), because plaintiffs sought to add employees outside of the class well after the court reached its conclusions on liability (Id.).

Defendants argue the Court correctly ruled that participants in the Hanover and Citizens plans are not part of the certified class (DN 270 PageID # 5320- ). Defendants assert that Plaintiffs' re-hashing of arguments already considered and rejected is not an appropriate basis for reconsideration (Id.). Defendants contend that without any definitions to the contrary, the class order must be read on its face (Id.). Defendants contend the Hanover and Citizens plans were separate predecessor plans, not other versions of the Plan (Id.). Finally, Defendants remind the Court that they first articulated their position regarding participants in the Hanover and Citizens plan in 2011, when they answered the amended complaint, yet Plaintiffs waited until late 2017 to clarify or amend the certification order (Id.).

In their reply, Plaintiffs argue there is no basis for ignoring the definitions in the amended complaint when interpreting the identical undefined terms in the agreed class certification order (DN 271 PageID # 5334-35). Plaintiffs point out that the original certification order was a "*consent order*—jointly agreed to by the parties and adopted on that basis by Judge Moyer" (Id. PageID # 5335). Plaintiffs assert that "[n]o one at the time the order was entered had any intention of excluding these Hanover and Citizens participants" (Id.).

2.      Analysis

This is merely a rehash of the arguments the Court already addressed when it ruled on this matter in the Order (DN 263 PageID # 5214-19).  As previously indicated, "[m]otions for reconsideration are not intended to re-litigate issues previously considered by the Court . . ."  <u>Ne. Ohio Coal. for Homeless v. Brunner</u>, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009).  Therefore, Plaintiffs are not entitled to reconsideration of the portion of the Order that denied their motion to amend the class certification order to expressly include participants in the Hanover and Citizen plans.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (DN 267) is **DENIED**.

Copies to:      Counsel of Record