UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JENNIFER A. DURAND,<br><br>On behalf of herself and on<br>behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>THE HANOVER INSURANCE GROUP, INC.<br><br>THE ALLMERICA FINANCIAL CASH<br>BALANCE PENSION PLAN,<br><br>　　　　　　　　　　Defendants. | Case No. 3:07-CV-130-HBB<br><br>CLASS ACTION |

**FINAL ORDER AND JUDGMENT**

On December 12, 2018, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order") to be provided to the Class.

On March 22, 2019, the Court held a Fairness Hearing (the "Fairness Hearing"), for which the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, the Mailed Notice, and the Publication Notice. Having considered the Parties' moving papers, the Settlement Agreement ("Agreement"), and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. The Court has jurisdiction over the subject matter of this Litigation, Plaintiff Durand and Class Representative Fisher ("Plaintiffs"), the Class Members, and Defendants pursuant to 29 U.S.C. § 1132(e).

2. The Agreement, together with all of its exhibits (as filed with the Court), is incorporated in this Judgment, and to the extent not otherwise defined herein, all capitalized words, terms and phrases used in this Judgment shall have the same meaning as used in the Agreement. The terms of the Agreement, including all exhibits to the Agreement, shall be forever binding on the Class Members.

3. In the Preliminary Approval Order, the Court previously certified the Class as a non-opt-out class action pursuant to Fed. R. Civ. P. 23 consisting of, as described in the Agreement:

> (1) All individuals who participated in The Allmerica Financial Cash Balance Pension Plan, vested in an accrued benefit under the Plan's cash balance formula, and before reaching age 65 received from the Plan between March 1, 1997 and December 31, 2003 lump sum distributions attributable to their Cash Balance Accounts at the time or times of distribution; (2) the Beneficiaries and estates of Plan participants described in **Section 1(G)(1)** that received lump sum distributions meeting all the requirements of **Section 1(G)(1)** in place of those Plan participants, and (3) provided the Plan participant or his or her Beneficiary or estate is listed on Attachment A ("the Spreadsheet').

4. The Court determines that the Mailed Notice and Publication Notice (collectively, the "Notices"), that were provided to the Class Members as required by the Preliminary Approval Order constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members. The Notices complied with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process clause). The Notices were calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement and of their right to object to and be heard regarding the Settlement and the

application for Class Counsel's attorneys' fees, costs and expenses, Named Plaintiffs' Incentive Awards, and Settlement Administration Costs.

5. The form and manner of the CAFA Notice provided by the Plan pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") fully complied with CAFA.

6. In response to the Notices, two Class Members (DN 291 and 292) submitted timely objections to the Settlement. For the reasons stated during the Fairness Hearing and as set forth in Plaintiffs' Supplement (DN 294 at 2-5), in which Defendants concurred, *id.* at 5, the Court concludes that these were not actual objections to the proposed Settlement and were based on the two Class Members mistaken belief the Settlement benefits are in lieu of their benefits under another Plan that are not affected by this litigation. Neither Class Member articulates an objection to the amount or adequacy of the Settlement.

7. After considering (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Litigation; (iii) the stage of the proceedings and discovery conducted; (iv) the possible range of recovery and the difficulties of calculating damages; and (v) the respective opinions of the Plaintiffs, Class Counsel, Defendants and Defense Counsel, the Court finally approves the Agreement including, but not limited to, the Plan of Allocation, in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). No Class Member may opt-out of the Settlement.

8. The Court finds that the requested Settlement Administration Costs in the amount of $51,215 is reasonable to carry out the terms of the Agreement, and the Court approves payment of these Settlement Administration Costs pursuant to the terms of the Agreement.

9. Class Counsel, previously appointed by this Court pursuant to Fed. R. Civ. P. 23(g), has sought an award of attorney's fees, exclusive of costs and expenses, in an amount not to exceed 33.3% of the Total Settlement Amount, *i.e.*, $3,330,000, and costs and expenses in the amount of $450,000. Based on the evidence presented by Class Counsel and the entire record herein, the Court finds that attorney's fees of 33.3% of the Total Settlement Amount, *i.e.*, $3,330,000, and $410,168.48 in costs and expenses to be fair and reasonable compensation and reimbursement in light of the result obtained for the Class; the risk of non-recovery or a greatly reduced recovery Class Members face; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the fact that the percentage-of-the-fund award requested is within the range of awards granted in similar cases in this district and this Circuit. The costs and expenses incurred are also reasonable for a case of this complexity, scope and duration. Such attorneys' fees, costs and expenses shall be paid by Defendants pursuant to the terms of the Agreement.

10. Plaintiff Jennifer Durand and Class Representative James Fisher are awarded Class Representative Incentive Awards of $20,000 and $17,500 respectively to be paid by Defendants pursuant to the terms of the Agreement. Based on the representations and submission by Plaintiffs' counsel, the Court finds that the prospect of such awards were reasonably necessary to encourage Plaintiffs to serve, are deserved and are within the range of previous awards of this kind.

11. The Released Claims, as defined in the Agreement, are released and discharged as of the Effective Date of the Settlement. Further, Releasors are enjoined and barred from commencing or prosecuting, either directly or indirectly, any action in any other court concerning

4

or relating to any of the Released Claims against any Released Party directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

12. The Court recognizes that Defendants have denied and continue to deny Plaintiffs' and Class Members' claims. Neither the Agreement, this Judgment, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Plan, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Plaintiffs' lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and the orders of this Court approving the same shall be admissible only in proceedings to enforce the Agreement or this Judgment, but not as an admission of liability in the underlying Litigation. The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

13. Except as otherwise provided in the Agreement and in this Final Order and Judgment, Plaintiffs and Class Members shall take nothing in this Litigation, and the Court hereby dismisses the claims of Plaintiffs and Class Members against the Plan with prejudice and without costs.

14. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, or enforce this Final Order and Judgment, the Preliminary Approval Order, and the Agreement.

15. In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* and the Litigation shall proceed, in those circumstances, as described in the Agreement.